INTERNATIONAL UNION OF ELECTRI-
CAL, SALARIED, MACHINE, AND
FURNITURE WORKERS, AFL–CIO,
Appellant,

v.

**Richard K. TAYLOR, Appellee.**

No. 94–CV–1185.

District of Columbia Court of Appeals.

Argued Nov. 8, 1995.
Decided Dec. 28, 1995.

Steven K. Hoffman, Washington, DC, with whom Marta Wagner and James G. Mauro were on the brief, for appellant. Edgar N. James also entered an appearance for appellant.

Derek S. Casey, Witicha, KS, with whom John S. Lopatto, New York City, was on the brief, for appellee.

Before TERRY, STEADMAN, and RUIZ, Associate Judges.

TERRY, Associate Judge:

Appellant, the International Union of Electrical Workers ("IUE"), filed this action in the Superior Court against one of its former employees, Richard Taylor, a resident of Tennessee. The complaint alleged that Mr. Taylor's organizing activities in Kansas on behalf of a competitor union caused unspecified damages in the District of Columbia. Taylor filed a motion to dismiss based on three grounds: lack of personal jurisdiction, *forum non conveniens,* and failure to state a claim upon which relief could be granted. The trial court dismissed the complaint for lack of personal jurisdiction, without reaching the other grounds asserted.

■ In ruling on the motion to dismiss, the trial court recognized that its personal jurisdiction depended both on whether the complaint had alleged sufficient facts to reach the defendant under the District of Columbia long-arm statute, D.C.Code § 13–423 (1995),[1] and on whether allowing suit to be brought in the District of Columbia was consistent with the requirements of due pro-

---

1. D.C.Code § 13–423 provides in pertinent part:
   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
   (1) transacting any business in the District of Columbia; [or]
   \* \* \* \* \* \*
   (4) causing tortious injury in the District of Columbia by an act or omission outside the

District of Columbia if [the person] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. . . .

cess, as set forth in a line of cases beginning with *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See, e.g., Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C.1981) (en banc) (describing "two-step process"), *cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982). The court "assumed," however, because Taylor had failed to argue otherwise, that the complaint satisfied the long-arm statute. Proceeding on this assumption, the court ruled that allowing this suit to be brought in the District of Columbia "would offend 'traditional notions of fair play and substantial justice,'" citing *International Shoe*. Thus the court leaped over the substantial question of whether the requirements of the long-arm statute have been met, as well as what may be a non-frivolous *forum non conveniens* claim.[2] In doing so, the court acted in a manner contrary to the "deeply rooted doctrine that a constitutional issue is to be avoided if possible...." *Gay Rights Coalition v. Georgetown University*, 536 A.2d 1, 16 (D.C.1987) (en banc).

■ We hold that the trial court erred in considering the due process issue first. "It is well settled that if a case may be decided on either statutory or constitutional grounds, [the courts], for sound jurisprudential reasons, will inquire first into the statutory question." *Harris v. McRae*, 448 U.S. 297, 306–307, 100 S.Ct. 2671, 2683, 65 L.Ed.2d 784 (1980). A constitutional issue is presented here only if the trial court first determines that this case fits within the provisions of the long-arm statute *and* that it is not subject to dismissal on the ground of *forum non conveniens* (also a statutory issue; *see* D.C.Code § 13–425 (1995)).[3]

We therefore follow the lead of the Supreme Court in *Youakim v. Miller*, 425 U.S. 231, 96 S.Ct. 1399, 47 L.Ed.2d 701 (1976). In that case, acting "consistent[ly] with [its]

---

**2.** There is a parallel suit pending in a Kansas court. We were advised at oral argument that that case is set for trial in March 1996.

**3.** D.C.Code § 13–425 provides:

When any District of Columbia court finds *that* in the interest of substantial *justice the* action should be heard in another forum, the court may stay or dismiss such civil action in

---

usual practice of avoiding decisions on constitutional matters if a case may be resolved on other grounds," *id.* at 236, 96 S.Ct. at 1402 (footnote omitted), the Court vacated the judgment on appeal and remanded the case to enable the trial court to decide a potentially dispositive non-constitutional issue. We do the same in the case before us. We vacate the judgment of the trial court and remand the case with directions to consider whether the complaint should be dismissed for a non-constitutional reason, either for failure to meet the requirements of the District of Columbia long-arm statute, D.C.Code § 13–423,[4] or on the ground of *forum non conveniens*, D.C.Code § 13–425, or for failure to state a claim, Super.Ct.Civ.R. 12(b)(6). Only if the case passes muster under both of those statutes and Rule 12(b)(6) should the court address the constitutional issues presented under *International Shoe* and its progeny.

*Vacated and remanded.*

---

whole or in part on any conditions that may be just.

**4.** Two separate provisions of the statute are implicated here, subsection (a)(1) and subsection (a)(4). See note 1, *supra*. On remand the court should address both, for they present different issues that must be addressed independently.